IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTTIE PRIVETT and | ) | |
| DIANA PRIVETT, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 05-1131-T-An |
| | ) | |
| WELD WHEEL INDUSTRIES, INC., | ) | |
| et al., | ) | |
| | ) | |
|     Defendants. | ) | |

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS MAGNUSON-MOSS WARRANTY ACT CLAIMS

This action was filed on March 30, 2005, in the Circuit Court for Weakley County, Tennessee. It was removed to this court on May 5, 2005, with jurisdiction predicated on diversity of citizenship, 28 U.S.C.A. § 1332. On October 4, 2005, Plaintiffs were allowed to amend their complaint to allege a violation of the Magnuson-Moss Warranty Act ("the Act"), 15 U.S.C.S. § 2301, *et seq*. On January 13, 2006, Defendants filed a motion to dismiss the claims brought under the Act. Plaintiffs have not responded to the motion. For the reasons set forth below, Defendants' motion is GRANTED.

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a motion to dismiss is proper before filing a responsive pleading when the basis of the motion is "lack of jurisdiction over the subject matter." Additionally, Rule 12(b)(6) applies when a cause

of action fails to state a claim upon which relief can be granted. "A court considering a motion to dismiss under Rule 12(b)(6) must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." Benzon v. Morgan Stanley Distributors, Inc., 420 F.3d 598, 605 (6th Cir. 2005) (citations omitted). "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." Golden v. Gorno Bros., Inc., 410 F.3d 879, 881 (6th Cir. 2005).

This case arises out of personal injuries allegedly sustained by Plaintiff Scottie Privett due to the separation of a wheel during a drag race. Plaintiffs claim, *inter alia*, that they are entitled to recover damages under the Act proximately resulting from Defendants' alleged breach of implied warranties of merchantability, implied warranties of fitness for a particular purpose, and express warranties.

"The Magnuson-Moss Warranty Act provides that 'a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief.'" Golden, 410 F.3rd at 881 (quoting 15 U.S.C. § 2310(d)(1)). Under certain circumstances and provided that the amount in controversy is more than $50,000.00, a case under the Act may be brought in a federal court. Id. at 882. However, the amount in controversy requirement cannot be met by personal injury damages claimed in the suit. Kelly v. Fleetwood Enterprises, Inc., 377 F.3d 1034, 1039 (9th Cir. 2004). Additionally, punitive damages are not recoverable under the Act. Id.

In the present case, Plaintiff Scottie Privett has demanded compensatory damages not to exceed $500,000.00 and punitive damages not to exceed $500,000.00, while Plaintiff Diana Privett seeks damages in the amount of $100,000.00 for loss of consortium. While the various causes of action sound in products liability, the end result is a claim for personal injuries received as the result of Plaintiff Scottie Privett's accident.. As such, the damages sought cannot be used to meet the jurisdictional requirement of $50,000.00 contained in the Act.  Additionally, punitive damages are not provided for in the Act, and, therefore, do not satisfy the jurisdictional requirement.  Because the court lacks subject matter jurisdiction over Plaintiffs' claims under the Act, those claims must be dismissed.[1]

Accordingly, Defendants' motion to dismiss Plaintiffs' claims under the Magnuson-Moss Warranty Act is GRANTED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] The Act can create liability for personal injuries in certain limited circumstances, none of which are applicable to the present case.  See, e.g., Washington v. Otasco, Inc., 603 F. Supp. 1295 (N.D.Miss. 1985) (Finding that the plaintiffs' claims were not proper under the Act because the alleged injuries resulted from the product, not the warranty.)